## VANDERKAR *vs.* THE RENSSELAER AND SARATOGA RAILROAD COMPANY.

The provision in the statute of 1848 requiring railroad companies to construct and maintain cattle-guards at all road-crossings, sufficient and suitable to prevent cattle and animals from getting on the railroad, does not apply to streets in cities or villages.

Accordingly, where a railroad track was laid through one of the streets of a village, and at the end of the street it entered upon a bridge extending across a stream; *Held* that the railroad company were not bound to erect a cattle-guard at the entrance upon the bridge; and that they were not liable for the value of an animal destroyed by the locomotive in passing over the bridge; there being no charge of negligence.

The statute makes an obvious distinction between roads and streets. Cattle-guards in the streets of a city or village would be nuisances. *Per* HAND, J.

APPEAL by the defendants from a judgment of the Saratoga county court. The suit was commenced before a justice of the peace to recover the value of a hog, thrown off a bridge, in the village of Waterford, by the engine of the defendants and killed. The complaint alledged that the defendants were a body corporate and politic, organized under chapter 131 of the laws of the state of New-York, passed April 14, 1832, and the several acts amending the same; that said defendants had existed and carried on business in their corporate capacity, as a railroad corporation, for the last four or five years and longer; that said railroad was originally constructed, and is yet, located so as to pass through the town of Waterford, and into and through the town of Watervliet, adjoining said town of Waterford; that the said railroad crossed the line between the said towns of Waterford and Watervliet, on a bridge belonging to said defendants, constructed for that purpose across the branch of the Mohawk river, at the village of Waterford; that the north entrance of the railroad to said bridge at Waterford, was from a common highway or street, leading through said village, and along which the defendants' railroad passes, down to the entrance of said bridge, or the draw part thereof, and which said public highway or street was a public street or highway of said village long before the said defendants were incorporated, and had ever since continued to be used as such public highway or street, and the southern

Vanderkar *v.* Rensselaer and Saratoga Railroad Co.

terminus or end of said street, at and before the entrance of said bridge and railroad, was at the bank of the said branch of the Mohawk river, and at the entrance to said bridge, or where the north abutment of said bridge stands ; that the defendants had never erected, constructed nor maintained any cattle guards or guard at the termination of said street or highway and. entrance to the defendants' said bridge, as by statute the said defendants were bound to do, for the purpose of preventing cattle, swine, &c. passing from said street, on to and across the said railroad bridge and railroad ; that in consequence of said omission and neglect, a hog, the property of said plaintiff, accidentally escaped from the enclosure and premises of said plaintiff, at Waterford, and passing down the said public street, went on to said bridge from said street and on a part of said railroad not lying in said highway or street of said village, but on a portion of said road owned exclusively by the defendants, at a distance south of the terminus of said public street; was run over and killed by the defendants' locomotive engine, &c.

The defendants by their answer denied that they were required or bound by any statute or otherwise to erect, construct or maintain any cattle-guards or guard, at the terminus of said street or highway and entrance to the defendants' bridge, for the purpose of preventing cattle, swine, &c. passing from said street on to and across the bridge and railroad. They further denied the killing of the hog ; and insisted that if he was killed they were not liable therefor. They further answered that they obtained authority, permission and license from the trustees of the village of Waterford, to construct and build and lay down their said track or railroad through and upon Second-street in the village of Waterford aforesaid ; that they paid large sums of money by way of damages to owners of lots located on said Second-street, arising from locating the track upon said street ; that said Second-street is intersected at right angles and crossed by several others of the streets of said village ; that said Second-street is now and has been ever since the said defendants laid down their track on said street, used as a public street and highway throughout its whole length ; and that the defendants had

no right, authority, license or permission to obstruct, by cattle-guards or otherwise, the free, full and perfect public use of said street as a public highway ; but on the contrary, the defendants, as a condition for the right and privilege of laying said track upon said street, were to leave the street in such a condition that it might be used and enjoyed by the public as a public highway. And they denied that there was any road or street of said village, which crossed said railroad track at the southern terminus of said Second-street and entrance to the defendants' said bridge ; that they are liable to and required to keep and maintain a public way from the town of Watervliet, across their said bridge to the town of Waterford, for the passage of the teams, cattle, &c. of Hugh Peebles, his heirs and assigns, &c.

The plaintiff proved the killing of the hog, and the value thereof. The hog was on the bridge, at the time, on the track of the railroad, distant about five feet from the south end of the bridge. It was hit by the cow-scraper or fender attached to and in advance of the engine, and thrown off the bridge. The justice rendered a judgment in favor of the plaintiff for $3 damages, besides costs ; and on appeal to the county court the judgment was affirmed.

*Kirtland & Seymour*, for the appellants.

*E. F. Bullard*, for the respondents.

*By the Court*, HAND, J. The complaint in this case does not make any charge of negligence in the management of the engine, or in running upon the road, as producing the accident ; but puts the cause upon the naked point that there should have been a guard, or what is called a cattle-guard, at the entrance upon the bridge at the end of Second-street in Waterford. The defendants insist that the bridge furnished a passage way to the people on Hauver island. But I find nothing in their charter that requires the defendants to furnish such way ; and if the law require a cattle-guard at this place, the defendants cannot make any bargain with individuals, that will exonerate them

Vanderkar *v.* Rensselaer and Saratoga Railroad Co.

from the performance of a duty imposed upon them by statute. The case then depends upon the construction of the statute. It is conceded that a street reaches quite to the bridge; but no road or street crosses the railroad at this place, nor within some distance. The statute of 1848 required rail-road companies to construct and maintain cattle-guards at all road-crossings, sufficient and suitable to prevent cattle and animals from getting on the railroad; and until this was done, they were liable for all damages done to them. (*Laws of* 1848, *ch.* 140, § 42.) And also by the act of 1850, (*Laws of* 1850, *ch.* 140, § 44,) they are to construct and maintain cattle-guards at all road-crossings, suitable and sufficient to prevent cattle and animals from getting on to the railroad. This action was commenced on the first of April, 1850, and the railroad act of that session took effect on the 2d day of April of that year. So no question arises as to which act controls the case; unless it is affected by the subsequent repeal of the first act.

But neither the provisions of the act of 1850, or its repealing clause, took away the plaintiff's cause of action, if he had any under the act of 1848. It was not a penalty that he claimed, but damages for an injury to his property; and if by the law of the land he had a right of action for that, it was not taken away by the repeal of the statute.

But the company, by that law, were not obliged to make a cattle-guard at the end of this bridge. Admitting, what it is not necessary now to decide, that, had this been at the end of a common highway in the country, the defendants would have been liable, still they are not in this case. It was not a "road-crossing" within the meaning of the statute. The sections in relation to ringing bells and putting up boards to give warning, require these acts to be done at the crossings of roads or streets. But cattle-guards in the streets of a city or village would be nuisances. The requirement, as to them, is on road-crossings; the statute very properly making an obvious distinction between roads and streets. If then the defendants are liable to make good this loss for want of cattle-guards, it must be on the ground of negligence, irrespective of the statute. It may be negligence not

to have some guard or protection at this place. But, as we have seen, the case is not placed upon that foundation in the complaint, nor was any proof given upon that question nor was that point taken in the court below.

It follows that the judgment must be reversed.

[ESSEX GENERAL TERM, July 7, 1851. *Willard, Hand* and *Cady*, Justices.]