CHAMBERS ET AL. v. WATSON.

**1.** **Equitable Jurisdiction:** REFORMATION OF WILL. A court of equity has no power to reform a will devising real estate.

*Appeal from Jasper Circuit Court.*

THURSDAY, OCTOBER 20.

· ACTION to recover possession of the northwest quarter of the northeast quarter and north half of northeast quarter of northeast quarter of section 25, township 78 north, of range 17 west of fifth P. M., and southeast quarter of southeast quarter of section 24, in same township, in Jasper county. The land was owned by one Peter Chambers, who died seized

of the land, leaving the plaintiffs as his only heirs. They claim that they are entitled to the same by inheritance. The defendant claims the same as devisee of Peter Chambers, who died testate, and whose will has been duly probated. In the will the testator gave to the defendant Watson what he described as "all the interest in the following described real estate:

"Sixty acres Se 25 toon 7, ) Jasper county,
Forty acres Se 24 toon 6. ∫ State of Iowa."

The defendant in his answer set out the will and averred that the testator was not at the time of making the will or afterward the owner of any land in Jasper county, except the land in controversy, and that the land intended to be described was the land in controversy.

In a cross petition he set up the same facts, and asked that the will be reformed, and the description of the land corrected so as to cover the land in controversy. The plaintiffs demurred to the cross petition and the demurrer was sustained. From the ruling sustaining the demurrer the defendant appeals.

*Smith & Wilson*, for appellant.

*Harrah & Meredith*, for appellee.

ADAMS, CH. J.—That it is not the province of a court of equity to reform a will was held in *Fitzpatrick v. Fitzpatrick*, 36 Iowa, 674. A will devising real property must not only be in writing, but must be executed with certain statutory formalities. If a court of equity could reform a will, and thereby give it an effect which it otherwise could not have, the court would give testamentary force to a mere intention regardless of the manner in which it is expressed. The demurrer to the cross petition seeking a reformation of the will, we think, was properly sustained. Whether the will by its own terms might not be held to operate as a devise of the land in controversy is an-

1. EQUITABLE
jurisdiction:
reformation
of will.

other question that is to be determined by the meaning of the words, figures, and letters used in the description. It is not impossible that the description is such as the testator was accustomed to use to designate the respective tracts. We can hardly conceive that it was, but it is not for us to say that it was not.

A devise of a thing by any name, or to a person by any name, however different the name used in the will may be from the true name of the thing or person, is a good devise, provided that it be shown that the name used was one by which the testator was accustomed to designate the thing or person, and such showing may be made by parol. It is always competent to supplement the language of the will by parol evidence so far as is necessary to apply the language of the will to the object or person intended. Parol evidence is allowable too to explain a latent ambiguity. Whether the ambiguity is such in this case we need not determine. That question will arise perhaps upon the issue tendered by the answer.

The cross petition, upon which arises the only question now presented, seeks to change the will. It is true it does not seek to eliminate a plainly intelligible term as in *Fitzpatrick v. Fitzpatrick*, but it seeks something equally objectionable, and that is, to supply terms, without which the cross petition virtually confesses that the description is fatally defective.

The ruling in sustaining the demurrer is

AFFIRMED.