CHAMBERS ET AL. V. WATSON ET AL.

1. **Will:** DEVISE OF LAND: IMPERFECT DESCRIPTION: ORAL TESTIMONY TO EXPLAIN. Where a testator devised "all interest in the following described real estate to W:

"Sixty acres, Se. 25, toon 7, ) JASPER COUNTY,
"Forty acres, Se. 24, toon 6. ( STATE OF IOWA."

*Held* that "Se" meant "section," and should be so read, and that it was competent, for the purpose of applying the devise to its subject matter, to prove by parol in what township and range in Jasper county the testator owned 60 acres of land in section 25, and in what township and range he owned forty acres in section 24, and that he owned no other land in Jasper county. ADAMS J.—*dissenting*.

*Appeal from Jasper Circuit Court.*

FRIDAY, DECEMBER 15.

THIS is a controversy as to the ownership of 100 acres of land in Jasper county. The plaintiffs are the heirs at law of Peter Chambers, deceased, who was the owner of the land at the time of his death. The defendant, William Watson, claims to be the owner under a devise made in the last will and testament of Peter Chambers. The Circuit Court held that the will was inoperative as to the land in question, and gave the plaintiffs judgment for the possession thereof. Defendants appeal.

*Winslow & Wilson* and *Jno. F. Lacy*, for appellants.

*Harrah & Meredith*, for appellee.

ROTHROCK, J.—The defendants filed a cross-petition with their original answer, in which they asked that the will be reformed and the description of the land in the will be corrected, so as to cover the land in controversy. The plaintiffs demurred to the cross-petition and the demurrer was sustained. Upon appeal to this court the ruling of the court below was affirmed. See 56 Iowa, 676.

The body of the will in question is as follows:

*First.*—I hereby constitute and appoint Wm. Watson to be the sole executor of this my last will, directing my said executor to pay all my just debts and funeral expenses and the legacies hereinafter given, out of my estate.

After the payment of my debts, except what is against the real estate, I give to John Chambers the sum of two dollars; to Catharine Spain the sum of two dollars; and the balance of my personal property to my step-father, Osborn Chambers; and all the interest in the following described real estate to William Watson:

Sixty acres Se 25, toon 7, } Jasper County
Forty acres Se 24, toon 6, } State of Iowa.

T. D. BOWMAN, }                    PETER CHAMBERS.
JOHN S. SPROUL, } Witnesses.

After the cause was remanded, a trial was had to the court at which the defendants introduced parol evidence, from which it was shown that the testator dictated the will and executed it on the day before his death. That he gave the numbers of the land as sixty acres in Section 25, and forty acres in Section 24, and stated that he could not remember the range of the land, but that it was one hundred acres, and all the land he owned in Jasper county. It further appeared that the testator did, in fact, own the land in controversy, and that sixty acres of it is in section 25, and forty acres in section 24, Township 78 N. of Range 17 West. It further appears that there was a mortgage for $600 upon the sixty acres in Section 25, and that, at the time the testator dictated the will, he said he wished to give his property to William Watson, the defendant, and that there was some incumbrance on it, amounting to about $600, and he expected Watson to pay that. This evidence was taken and submitted, subject to the objection of the plaintiffs that the omissions in a will cannot be supplied by parol evidence. Upon the final consideration of the case the court excluded the evidence, and held that the will did not pass the land to Watson.

Chambers v. Watson.

Much has been written upon the subject of how far ambiguities in written instruments may be explained by parol. All the authorities are agreed that a *patent* ambiguity cannot be aided by averment or extrinsic evidence. The difficulty is to determine from the language of the defective instrument whether it belongs to the class of ambiguities which may be explained. Counsel for the respective parties have been diligent in the presentation of many cases involving questions arising upon the uncertainty and defectiveness in written instruments, which cases we need not here cite. As is said in Vol. 2, p. 383, of Redfield on Wills, "this is one of those subjects where the decisions are so much affected by peculiar circumstances that one case will afford very little aid in determining another, not very similar in its state of facts." We have lately examined and discussed the distinction between latent and patent ambiguities in written instruments, and a majority of us held that a subscription to a church enterprise of "20 acres of land," without other description by county, State, town, section or range, was void for uncertainty. *Palmer v. Albee*, 50 Iowa, 429.

But we do not think the case before us presents a question of the explanation of an ambiguity in description, but rather one of imperfect description; the defect being in the omission to state the township and range, without which the description is not definite. It is like the example given in 1 Greenleaf on Ev., section 287, of a devise of an estate purchased of A., or of a farm in occupation of B. The description is incomplete, and cannot be applied to its subject without parol proof of what estate was purchased of A., or what farm was in occupation of B. As is said in this section, "evidence is admissible of all the circumstances surrounding the author of the instrument." Hence it was competent, in this case, for the puspose of applying the devise to its subject-matter, to prove in what township and range in Jasper county the testator owned 60 acres of land in section 25, and in what township and range he owned 40 acres in section 24, and that he

owned no other lands in Jasper county. This done, the description is rendered as certain as though the township and range had been inserted in the will. It is surely doing no violence to any usage as to the abbreviation of words to hold that the testator meant *section* by the contraction *Se*, and when it is ascertained that the testator owned lands in sections 24 and 25 in a certain township and range, and owned no land in any other corresponding sections in Jasper county, the language of the will points unerringly to the lands in controversy. This is not engrafting any provision upon the will which is not already there, nor is it in any manner changing it. As is said in the former opinion in this case—"It is always competent to supplement the language of the will by evidence, so far as is necessary to apply the language of the will to the object or person intended."

We think the parol evidence should not have been excluded, and that the judgment should have been for the defendant, Watson.

REVERSED.

ADAMS, J., *dissenting.*—I do not think that the Circuit Court erred in excluding the evidence and rendering judgment for the plaintiffs. I agree with the majority that the description is imperfect. The words and figures: "Sixty acres, se 25, toon 7, Jasper county" describes nothing. I have, to be sure, no doubt that by "se" the testator meant *section*. I have just as little doubt that by "toon" he meant *town*. But conceding this, or conceding that by "se" he meant section, and by "toon" he meant nothing, as I infer that the majority think, in either view the words and figures describe nothing.

If we reject "toon 7" and read "se" as *section*, we have as the description: Sixty acres in section 25 in Jasper county. This description is not only imperfect, as the majority say, but, to my mind, unquestionably ambiguous. The majority hold that it is not ambiguous. I regret that we are not able

to agree upon such a question, because it seems to me that there ought not to be any doubt about it. What constitutes ambiguity in a description? It is such defect or imperfection as to render it equally applicable to more than one thing. Now this description is equally applicable to more than one thing. It is not only·so, but such fact appears upon its face. There are as many sections 25 in Jasper county as there are townships; and an infinite number of tracts of sixty acres each, differing somewhat from each other, can be carved out of each section. .If this is not a case of ambiguity, and one which cannot be explained by parol, I am unable to conceive what would be one. There is nothing certain about the description but the county. All the rest must be helped out by parol, and any one can see this upon merely reading the description.

It is not a case of the mere application of words to the thing signified by them. No description can be made which will apply itself. The words "·Jasper county," which are perhaps as certain in their meaning as any words can be, cannot apply themselves. If a dispute should arise in regard to where the boundary lines run, it would be necessary to prove it by parol. But the rule which would admit such parol evidence has, to my mind, no application to the case at bar. The majority cite 1 Greenleaf on Ev., Sec. 287. The author illustrates the rule of applying by parol the written words to the thing described. Where in a will land is described as an "estate purchased of A.," such description is good. It is not esesntially different from what it would be if the estate had a name, and was devised by its name. Any one looking at the description would say that it appeared upon its face to be applicable to one thing, and only one. The description, of course, would not apply itself. The thing described would, in the nature of the case, remain to be indentified, and that could be done only by parol.

The doctrine of the majority, it appears to me, would allow

every patent ambiguity to be explained by parol, under the rule which allows an unambiguous description to be applied by parol. They deny, to be sure, that the description in question is ambiguous. The reason, as I understand, why they do not regard it as ambiguous is, that it does not appear so when explained by parol. But that manifestly is not the proper test. The question arises before parol evidence is introduced. The question is, is parol evidence admissible. If the description is ambiguous upon its face the court cannot receive parol evidence, and then say that with such evidence there is no ambiguity, and, therefore, parol evidence was admissible.

So far as the question before us is concerend, there is no essential difference between a will and a deed. Now, suppose that, in an attempted conveyance by deed, the land is described as 60 acres in section 25 Jasper county. Would a record of such deed be constructive notice of a conveyance of anything? Certainly not. And yet it would be, if there is no ambiguity in the description. The words and figures used are, so far as they go, those of a government description.

Again, in an action of right would such deed be admissible as constituting any evidence of title to anything? Certainly not, nor would it be claimed that it could be rendered admissible by parol evidence as to what the grantor said about it at the time of the conveyance, or by parol evidence as to what land the grantor owned or did not own at the time of conveyance.

The case is not different if, in an action of right, the plaintiff claims under a will instead of a deed, with such description. If a deed would be inadmissible, a will would be. Nor am I able to see that the case would be different if in an action of right the defendant claimed under a will with such description. Now, that is precisely this case. This is an action of right. The defendant claims under a will. I think that the court properly rejected it. Where a will or deed describes

nothing, I do not see how a description can be added by parol. If it can be, it appears to me that the devise or grant is essentially made by parol.

But there is another difficulty in sustaining the description. That we may appreciate it, let us see what the plaintiffs claimed. They claimed two tracts. But, for the sake of brevity, I refer to only one; the tract of sixty acres. The true description of the tract is the N. W. $\frac{1}{4}$ of N. E. $\frac{1}{4}$ and N. $\frac{1}{2}$ of N. E. $\frac{1}{4}$ of N. E. $\frac{1}{4}$ of section 25, township 78, N. of range 17, west. This tract the majority hold was devised to the defendant under the description of "Sixty acres, Se 25, toon 7, Jasper county." In order to so' hold, they necessarily reject the word "toon" and the figure "7."

But this word and this figure constitute a part of the description. We must assume that the testator intended them as such. He was competent to make the will and devise real estate. That has been adjudicated. Now what shall we do with this word and this figure? They are not to be treated as mere gibberish. The adjudication in respect to the testator's testamentary capacity forbids us to so treat them. Neither are they surplusage, because we cannot say that there is a complete description of land without them. Neither are they unintelligible. At all events the figure is clearly not so, and the word is not necessarily so. The word is evidently used for *town*. It is precisely where the word town or township might be expected to be. It is followed by a figure, as the word town or township might be expected to be. It differs from the town only as the Scotch pronunciation sometimes differs from the true pronunciation. I have, therefore, no doubt, that the description should be read as Sixty acres in Sec. 25, town 7, Jasper county. So reading it, I am unable to see how it can be said that it was sufficient to pass sixty acres in sec. 25, town 78. I know of no rule of law by which it can be said that the testator in using the figure 7 meant 78. The fact may have been that the testator dictated his will, and dictated the

figures 78, but in his weakness was only heard to say seven. But the question is not as to what he dictated, but what he signed. As the will was made, so it must stand. It cannot be reformed, though the equitable interposition of the court were invoked for that purpose. This has been held in this case—56 Iowa, 676. Nor can a court of law be allowed to reach the same result, by saying that it is immaterial what the testator's intention was as it appears expressed in his will, if it differs from his intention, as proven by parol. Yet it appears to me that we should, in effect, say so, if the town as expressed in his will is town 7, and we hold that it may be shown by parol that what the testator meant was town 78.