## DANIEL J. GORMAN, RESPONDENT, *v.* PATRICK J. McARDLE, APPELLANT.

*Fire-escapes on factories — substantial compliance with the law — means of escape as a substitute — liability of a manufacturer to an operative for negligence — incident of employment — vested right of action not extinguished by a repeal of a statute.*

Where the owner or occupant of a manufacturing establishment of the class designated in section 10 of chapter 409 of the Laws of 1886, as amended by chapter 462 of the Laws of 1887, and 560 of the Laws of 1889, has neglected to provide a fire-escape, as prescribed by that statute, he will be liable in damages to one of his operatives injured in consequence of such neglect, unless he has provided, in place of the statutory fire-escape, some safe way of escape for his operatives in case of fire.

Whether the means furnished for the escape of operatives from a factory in case of fire, in the absence of a statutory fire-escape, is, in effect, a suitable and safe fire-escape, and, therefore, a substantial and sufficient compliance with the statute, is a question of fact for the jury.

It cannot be said that an operative, for whom a mode of escape from the fourth floor of a factory was furnished, by means of a window in the room where he was employed, opening on to a flat roof of an adjoining building from which there was access to the street through a scuttle which was easily seen, and by means of which almost all of his fellow operatives escaped at the time of a fire, was guilty of contributory negligence, as matter of law, in omitting to use that mode of escape, when he and others testified that they did not know of that way of escape, and the room was full of smoke at the time, and there was much confusion.

In an action for damages, brought by an operative against a manufacturer, for negligence in not maintaining a fire-escape, the burden is on the defendant to show that the risk of working in a room not provided with a fire-escape was voluntarily assumed by the plaintiff as incident to his employment.

Whether the attention of an operative, whose duties do not call him to the outside of the factory, has been called to the absence of an outside statutory fire-escape,

and hence whether he assumed, as incident to his employment, the risk of injury from a fire, arising from its absence, is a question of fact.

Such a case is distinguished from those of accidents arising from some danger in an employee's employment on a machine used by him, or some apparent danger in the room where an employee worked, incident to his employment, and is within the principle that those dangers which are known and can be mitigated or avoided by the exercise of reasonable care and precaution on the part of the master, are not incident to the business; and from such dangers it is the duty of the master to protect his servants wherever it can be done by reasonable care.

The repeal, by chapter 398 of the Laws of 1890, of the statutory provisions making it the absolute duty of a manufacturer to maintain fire-escapes, does not extinguish a right of action for an injury caused by negligence in omitting to provide fire-escapes under the law as it stood at the time of the injury.

APPEAL by the defendant, Patrick J. McArdle, from a judgment of the Supreme Court, entered in the office of the clerk of Albany county on the 17th day of May, 1892, on a verdict for $2,000, in favor of the plaintiff, Daniel J. Gorman, rendered at the Albany Circuit; and also from an order denying a motion for a new trial, entered in said clerk's office on May 31, 1892.

*Edward Countryman,* for the appellant.

*Eugene Burlingame,* for the respondent.

PUTNAM, J.:

This action was brought on account of injuries received by plaintiff on September 9, 1889, in jumping from a fourth story window of defendant's manufacturing establishment, where he was employed, during a fire which consumed the building — defendant having negligently omitted to provide a proper fire-escape. In fact, there was no fire-escape as prescribed by statute, but a window in the room where plaintiff was employed opened on to the flat roof of defendant's adjoining building and from this roof through a scuttle there was, as defendant claimed, a proper and safe access to the street for his employees and a proper escape from fire.

It is not seriously denied that defendant was carrying on a manufacturing establishment within the meaning of chapter 560, Laws of 1889 (amending chapter 409 of the Laws of 1886, as amended by chapter 462, Laws of 1887), or that the provisions of that statute applied to him, although a lessee and not the owner of the building in question.

Appellant having neglected to provide a fire-escape, as prescribed by the aforesaid act, if plaintiff received the injury complained of in consequence of such neglect, he was entitled to recover, unless defendant provided some safe way of escape for his operatives in case of fire in place of the statutory fire-escape.

The case of *Pauley, as Administrator* v. *Steam Gauge and Lantern Company* (131 N. Y., 90) holds that the act above referred to imposed a duty on the owners or occupants of the prescribed class of factories, for an omission to perform which, operatives injured, because thereof, may recover damages. In the case cited the owners of the factory had provided a proper fire-escape, under the statute, to the floor on which plaintiff's intestate was at work, but, instead of providing statutory stairs or a ladder on the inside, from the upper story of the building to the roof, as provided by the act, they conducted the fire-escape on the outside up to the roof by stairs thus affording, as the court held, as safe and convenient an access to the roof as a ladder or stairs on the inside. The outside stairs to the roof, although not a literal compliance with the statute, was held by the Court of Appeals sufficient. The effect of this decision, therefore, is to determine that only a substantial compliance with the statute is necessary. Hence in the case before us, although defendant failed to place a fire-escape on the outside of the building according to the terms of the statute, if he, in fact, provided for the operatives working in the room on the fourth floor where plaintiff was employed an equally safe and convenient escape in case of fire over the roof of the adjoining building, he is not negligent and not liable in this action.

This view was taken by the trial judge, and on examining his charge carefully I am unable to discover any error in his presentation of the case to the jury. There was testimony tending to show that operatives on the fourth story were told of the way of escape, in case of a fire, over the roof of the adjoining building, plaintiff and some others, however, testifying that they never received such information. Whether they did or not was a question of fact. If they were told of this way of leaving the building in case of fire, it was then a question of fact whether it was as safe and convenient as the statutory fire-escape, a copy of the statute in reference to fire-escapes being also posted in the room as the law provides. The

judge fairly submitted these questions to the jury. He said : " If the defendant did, through that window in the south end of that building, provide a suitable and safe fire-escape — if he rendered reasonably safe exit to the people engaged in that room, in his employment, to escape from that building through that window and the scuttle on the roof to the floor below, then he has performed the full measure of his statutory duty." And then again he was requested to charge by counsel for defendant, and did charge, " that, if the jury believe the escape through the window onto the adjoining roof of the Parsons building and thus through the scuttle holes, was easily accessible, unobstructed and safe for that purpose to the employees on the fourth floor, then that is a sufficient compliance with the statute."

It will thus be seen that the court submitted the question to the jury in the language and as requested by counsel for defendant. I am unable to see any error in the submission of these questions of fact to the jury.

There was some evidence that, at the time of the fire, the only door leading to the room on the fourth floor where plaintiff was employed was locked, and that plaintiff and others were unable to escape through it. There was a conflict of evidence in this regard, which was properly submitted to the jury. The court remarked that it was the " *statutory*" duty of the defendant to keep the door unlocked at all times during business hours. Perhaps the use of the word " statutory " was not correct. But clearly it was defendant's duty, while his employees were at work in the room on the fourth story, to keep the door unlocked, and I fail to see how the use of the word " statutory " in the charge could have injured defendant. However, the judge afterwards fully explained the matter to the jury — that to make defendant liable in consequence of the door being locked, if they should determine it was locked, they must find that, if unlocked at the time of the fire, plaintiff could have escaped through that way. Hence no error was committed to the injury of the defendant.

It is urged by the appellant, that plaintiff, having a mode of escape provided for him onto the roof of the adjoining building, easy to be seen, and over which almost all the operatives employed in the room at the time of the fire escaped, was guilty of contribu-

tory negligence in omitting to use that way of escape, and, hence, cannot recover.   I do not regard this as one of those exceptional cases where the question as to plaintiff's contributory negligence could be taken from the jury and passed upon by the court as a question of law.   Plaintiff and others testified that they did not know of the way of escape over the roof of the adjoining building. It was shown that after the first alarm of fire, the room rapidly filled with dense smoke.   There was much confusion.   It was for the jury to say whether or not the plaintiff knew of the mode of escape through the window and roof of the adjoining building.   Also, if he did know and failed to find and use the window in the dense smoke and confusion, and, under all the circumstances, whether or not this was contributory negligence on his part.   The plaintiff, being called on to act suddenly, should not be held to a most rigid accountability in passing on the question as to his contributory negligence.   (*Bucher* v. *N. Y. C. and H. R. R. R. Co.* 98 N. Y., 132, 133.)

It is claimed that plaintiff, knowing that no fire-escapes were provided, voluntarily, and with knowledge of that fact, continued at work, and hence assumed the risk of an accident by fire as incident to the employment.   This position does not appear to have been taken upon the trial, and hence it is questionable whether it should be considered on this appeal.

The burden was on the appellant on the trial to show that the risk of working in the room not provided with fire-escapes was voluntarily assumed by plaintiff as incident to his employment. (*Mayes* v. *The Chicago, R. I. and Pacific R. R. Co.*, 63 Ia., 566.)

My attention has not been called to any evidence showing *certainly* that plaintiff knew there was no fire-escape, or that his attention was ever called to that subject.   The risks that an employee assumes as incident to his employment are such as he knows of or as are apparent.   Plaintiff's employment was within the defendant's room on the fourth story.   The fire-escape should have been on the outside of the building.   Plaintiff's employment did not call him on the outside, and while it is not unlikely that he might have examined to see whether fire-escapes were provided outside, it is not certain that he did so.   He was not bound to so examine, and could

properly rely upon the defendant performing his statutory duty. (*Willy* v. *Mulledy*, 78 N. Y., 315.)

Therefore, although plaintiff had been employed by defendant for a year it was not certain that his attention had been called to the absence of fire-escapes, and hence whether, as incident to his employment, he assumed the risk of injury from a fire caused by such absence, was a question of fact. The case would have been different had an accident occurred on account of some danger in plaintiff's employment on a machine used by him in the business, or some apparent danger in the room where plaintiff worked incident to his employment. There is, I think, a distinction between cases referred to by appellant and this case.

*Gibson* v. *Erie Railway Company* (63 N. Y., 449) was an action to recover damages for the death of a brakeman, who, riding on the top of a car, was struck and killed by the projecting roof of defendant's depot building. There the employment of the deceased was on the top of freight cars drawn from day to day by the projection in question. The deceased brakeman's attention was necessarily called to the projection on the building as a risk incident to the business he was carrying on. It was the same as if he had been called on to work in a room where a dangerous piece of machinery, as, for instance, a circular saw was placed. Each of the other authorities, commented upon by counsel for appellant in his brief, are similar to the case last cited, and cases where the risk the injured party was held to have assumed was one immediately connected with the business in which he was engaged; a risk that was plainly apparent and necessarily assumed.

In this case, however, plaintiff was engaged in the business of picking and assorting rags in the defendant's building on the fourth floor. His business was on the inside and he had no connection with the fire-escape. He was not called upon to examine the outside of the walls. It is not proved that his attention was ever called prior to the fire to the question of the fire-escape.

I will not attempt to discuss the many authorities that might be considered on the subject of the risk assumed by an employee as incidental to his business. It has been held that the risk so assumed does not include risks caused by the negligence of his master in

failing to furnish him a safe place to work in. I think the principle stated in *McGovern* v. *Central Vermont Railroad Company* (123 N. Y., 280), applies to this case. It is there held that "those dangers, however, which are known and can be mitigated or avoided by the exercise of reasonable care and precaution on the part of the master, are not incident to the business, and it is the duty of the master to protect his servants therefrom in all cases in which it may be done by reasonable care. When, therefore, the master directs the performance of work by his servant at a place which may become dangerous and such danger may be foreseen and guarded against by the exercise of reasonable care, it is the master's duty to exercise such care and adopt such precautions as will protect the servant. (And see *Pantzar* v. *Tilly Foster Iron Mining Co.*, 99 N. Y., 376; *Buckley* v. *Port Henry Iron Ore Co.*, 17 N. Y. St. Rep., 436; *Benzing* v. *Steinway & Sons*, 101 N. Y., 551–552; *Freeman* v. *Glens Falls Paper Mill Co.*, 61 Hun, 132; *Cullen* v. *Norton*, 52 id., 12.)

I think the position of appellant, that the repeal by chapter 398, Laws of 1890, of the statute requiring fire-escapes, prevents plaintiff from maintaining the action, is not sound. It is true, that when a statute gives a penalty, or expressly creates a cause of action, a repeal of such statute may extinguish any right of action existing thereunder. But section 10 of the act requiring fire-escapes, created no right of action, and prescribed no remedy to be recovered in an action. It made it the duty of the proprietor of a manufacturing establishment to maintain fire-escapes, and a failure to perform this statutory duty has been held by courts to be a negligent act, and that an employee injured by such negligent act may maintain an action for damages. The repeal of the statute does not extinguish plaintiff's right of action for an injury caused by defendant's negligent omission to provide fire-escapes as prescribed by the statute. The authorities cited by defendant are where a penalty is given, or a cause of action expressly created by statute, in which cases it is held that a repeal of the statute extinguishes a right of action thereunder. Plaintiff, in this case, did not claim a penalty or sue for a cause of action created by a statute, but for a negligent act of the defendant under the law as it stood when he was injured, and the repeal of that law does not effect his vested right of action. (*Van-*

*derkar* v. *Rens. and Sar. R. R. Co.*, 13 Barb., 393; *Steamship Company* v. *Joliffe* 2 Wall., 450; *Butler* v. *Palmer*, 1 Hill, 325.)

The judgment should be affirmed, with costs.

MAYHAM, P. J., concurred; HERRICK, J., not acting.

Judgment affirmed, with costs.