MAYES, ADM'R, v. THE CHICAGO, ROCK ISLAND & PACIFIC RAILWAY CO.

1. **Railroads:** INJURY TO EMPLOYE: WAIVER OF NEGLIGENCE: MATTER OF DEFENSE: BURDEN OF PROOF. Where a railroad company is sued on account of personal injuries to an employe, occasioned by the negligent construction of its road, if it desires to avail itself of the fact that the employe waived the company's negligence by remaining in its service with knowledge of the defects in the road, without objection on his part, and without any promise of having the defects remedied, *held* that it must plead such facts as a defense, and establish them affirmatively by evidence, and that it is not incumbent upon the plaintiff to negative such defense in the first instance. *Wells v. The B., C. R. & N. R'y Co.,* 56 Iowa, 520, followed. And the rule is not changed in this case by the fact that the petition alleged the inexperience of the injured employe, for the purpose of showing that he did not know the dangerous character of the defects in the road, and was, therefore, not himself negligent.

2. ——: ——: ——: INEXPERIENCE OF EMPLOYE TO BE CONSIDERED: RULE STATED AND APPLIED. Where defects in a railway are obvious to all employes, one who knows of such defects, or by the exercise of ordinary care might know of them, but, without objection or promise of amendment, continues in the company's employment, thereby waives his right to recover for injuries received by reason of such defects. But where the defects are not open and obvious, the experience, or lack of it, of the employe should be considered in determining whether or not he should be charged with knowledge of them, and of the dangers arising therefrom; and the question in the latter case is one of fact for the jury, and not one of law for the court. In this case, however, where the defect complained of was the want of a block between the rail of the track and the guard-rail, at a switch where the employe was on duty, *held* that the defect and danger were so obvious that the employe, though inexperienced, must be charged with knowledge thereof as matter of law.

*Appeal from Pottawattamie District Court.*

WEDNESDAY, JUNE 4.

ACTION to recover for personal injuries to plaintiff's intestate, resulting in his death. Upon a trial to a jury, a verdict for defendant was rendered in pursuance of instructions directing the jury so to find. Plaintiff appeals.

*M. P. Brewer,* for appellant.

*Wright & Baldwin* and *Wright, Cummins & Wright,* for appellee.

BECK, J.—I. The petition alleges that William Baker, plaintiff's intestate, while in the employment of defendant

<div style="margin-left:2em">1. RAILROADS: injury to employe: waiver of negligence: matter of defense: burden of proof.</div>

as a "switchman or brakesman," was run over by a train of cars, receiving injuries which resulted in almost instant death. It is alleged that the injuries were caused by the negligence of defendant in the construction of its railroad, by failing to place blocks between the rails and the guard-rails at the switches, and that, in the absence of such blocks, the foot of the intestate, while he was in the discharge of his duty under the employment of defendant, was caught between the guard-rail and the rail of the track, and was held in a position so that an approaching train ran over him. It is alleged that intestate was inexperienced in matters pertaining to the operation of railroads, and had no knowledge of the dangerous character of the tracks, and of the dangers to which he was exposed by reason of the absence of the blocks between the rails and the guard-rails. The answer denies all allegations of the petition. Other averments of the petition need not be here recited.

The evidence tended to show that the intestate came to his death in the manner alleged in the petition; that he had been employed for about six weeks as a night switchman in defendant's station-yard at Council Bluffs; that he was not

twenty-one years old at the time of his death; and that he lived upon a farm, and had no experience in operating railroads, prior to his employment by defendant.

After the plaintiff had submitted evidence in his behalf, counsel for the defendant moved the court to direct the jury to return a verdict for defendant, on the ground that plaintiff had failed to sustain the allegations of his petition by sufficient evidence. Thereupon the district court announced its decision in the following opinion:

"The plaintiff having introduced his evidence in chief and rested his cause, the defendant moves the court to direct the jury to return a verdict for it, for the reason that the evidence does not show that the injury to the said Wm. Baker, which caused his death, was occasioned by any negligence or want of ordinary care, either by defendant or its agents or employes, and that the evidence does show that said Wm. Baker, by his own negligence, contributed to his injury, and that, by remaining in defendant's service after he knew the defect in or condition of the track, of which complaint is made, he waived any claim for any injuries which he might maintain by reason thereof.

"There is no evidence at all tending to establish the allegations in the petition, that the engineer in charge of the engine attached to the train at the time Baker was killed moved said train backward at an unusual rate of speed, and that the injury was caused by this mismanagement of the engineer or the train.

"But there is evidence sufficient to give the jury on the allegations of negligence in the matter of the want of blocking between the guard-rail and the main-rail, and the extension of the arms towards the center of the track at right angles with the line of the guard-rails. Whether the construction and maintaining of the guard-rails in this connection is negligence on the part of defendant is a question of fact to be determined by the jury from all the circumstances of the case. So that the motion on this ground is overruled.

"The following facts bearing upon the question of the waiver by Baker of defendant's negligence in the matter of said guard-rail must be regarded as admitted for the purpose of this motion:

"That Baker was a little under twenty-one years of age at the time of the injury.

"That he had been in the employment of defendant for about six weeks before the injury.

"That he was engaged during all this time in the yard where he received the injury, and in the same character of work as that at which he was engaged at the time of the injury.

"That the condition of the guard-rails to which the injury is here attributed existed during all this time, and was apparent to any ordinary observer.

"There is no evidence that Baker ever complained of this condition of the guard-rail, or that he was induced to remain in defendant's employ by any promise that that condition would be changed.

"Upon this state of facts, and they are all the facts material to this question, the court holds as matter of law,—

"1st. That Baker must be presumed to have known of the condition of affairs with reference to said guard-rail.

"2d. That by remaining in defendant's employ with that knowledge and without any complaint, he waived any claim for damages which might have occurred by defendant's alleged negligence in the matter, unless he was induced to remain by some promise that the condition of affairs with reference to said guard-rail would be changed

"3d. That the burden of proof is on plaintiff to show that Baker had complained of the condition to which the injury is attributed, or that he was induced to remain in defendant's employ by promises that the condition would be remedied.

"It follows, therefore, that the motion must be sustained on the last ground, and the jury are accordingly directed to find for defendant."

Counsel for plaintiff insists that, if it be conceded that the intestate, by remaining in the employment of defendant without objection after discovering the dangers to which he was exposed by reason of the absence of the block between the rails, waived his right to recover for the negligence of defendant, such waiver should have been pleaded as a defense in the action; and, as no such defense was pleaded, the court erred in deciding the case thereon for defendant.

The waiver in question is in the nature of a defense. If shown, it defeats recovery upon facts proved which establish defendant's liability. The burden of proof to establish this defense, so far at least as to show the knowledge of intestate of the defects and dangers complained of, rests upon defendant. Upon the question of such knowledge the plaintiff is not required in the first instance to offer proof. If the defendant fails to plead the defense, he cannot rely upon it. See *Wells v. B., C. R. & N. R'y Co.*, 56 Iowa, 520. We think the court erred in resting the decision of the case upon a defense not pleaded by the defendant.

II. The allegations of the petition, to the effect that the intestate was without experience and had no knowledge of the dangers to which he was exposed, cannot be regarded as presenting an issue involving the waiver of defendant's negligence. It plainly appears that the pleader by the use of these allegations intended to show that the intestate was not negligent, and that defendant wrongfully required of him the discharge of duties which he was incapable of performing by reason of ignorance and inexperience.

*THE SAME.*

III. But, if it be conceded that the pleadings raised issues involving the waiver of defendant's negligence by the intestate's remaining in its employment after obtaining knowledge of its peculiar dangers, we are of the opinion that the court erred in taking the case from the jury. The intestate, if he knew, or by ordinary diligence could have known, of the defects in the track, negligently permitted by defendant, and remained in

2. —— : —— : inex-
perience of
employe to
be consid-
ered: rule
stated.

defendant's employment without objection, thereby wavied the right of plaintiff to recover. This accords with the rules of many prior decisions of this court. See *Wells v. B., C. R. & N. R'y Co., supra; Perigo v. C., R. I. & P. R'y Co.,* 52 Iowa, 276, and cases therein cited.

The knowledge of the defects possessed by intestate, and his ability, in the exercise of ordinary diligence, to acquire knowledge thereof, are questions of fact to be determined upon the testimony submitted in the case; they are not questions of law.

The fact that the want of blocks was apparent to all observers does not charge him with a knowledge or a want of knowledge of the *defects* in the track. To so charge him, he must have known, or possessed the means of knowing, that the absence of the blocks was a defect, causing danger to him and to others. It is very plain that, to bring the case within the rule above stated, the intestate must have known, or in the exercise of reasonable diligence must have been able to know, the dangers and perils resulting from the absence of the blocks. Now, if it should appear that the intestate, by reason of his lack of experience, did not know, or in the exercise of ordinary diligence could not have known, of these perils and dangers, the law will not hold that he waived the negligence of defendant.

It is no answer to this position to say that the intestate had the opportunity to acquire the knowledge, for the reason that he had but to direct his eyes to the track in order to discover the absence of the blocks. He could see that the blocks were not used, but he may not have known that there was danger without them, and knowledge of this fact, we have seen, is what the law requires. If the intestate was inexperienced in the operation of railroads, he ought not to be charged with knowledge which only an experienced man could be presumed to possess. If defendant employed him as an inexperienced man, it ought not to claim that he had or could have had knowledge possessed by men familiar with railroads.

It was the province of the jury to determine whether the intestate, in view of his experience and the time he had been employed as a switchman, and of other facts of the case, knew, or in the exercise of reasonable diligence could have known, of the perils and dangers resulting from an absence of the blocks between the guard-rail and the rail of the track. These are questions of fact, not of law. The district court erred in refusing to permit the jury to pass upon these questions. The judgment of the district court must be

REVERSED.

### OPINION UPON REHEARING.

ROTHROCK, CH. J.—After the foregoing opinion was filed, the defendants presented a petition for rehearing, and after that an additional argument in support thereof, and we have again examined the whole record in the case, and upon such examination we adhere to our former conclusion, that the question of waiver is a defense which, if relied upon, should be pleaded.

THE SAME.

We desire to say, however, that our latter examination of the case in the light of the re-argument has led us to believe that the second point of the opinion should be modified.

It is there said that the question as to "the knowledge of the defects possessed by the intestate, and his ability in the exercise of ordinary diligence to acquire knowledge thereof, are questions of fact to be determined upon the testimony submitted in the case." We think this rule may very properly be applied to defects or dangers which are not open and obvious to every one serving in the capacity of an employe. But in our opinion it was erroneous to apply it to the facts of this case. The intestate had been at work for six weeks over this track. He must be presumed to have known that the space between the rails was not blocked, and that the openings between guard-rails and in frogs are dangerous to brakemen while engaged in coupling or uncoupling cars.

This is a fact which is as patent as that a hole in the track between the rails is dangerous.

Again, it appears to be assumed in the opinion that the defendant employed the intestate as an inexperienced man. This assumption is not warranted by the facts in the case. There is no evidence that the defendant had any knowledge that the deceased was inexperienced. On the contrary, as the intestate entered the service of the defendant in a certain capacity, it is to be presumed that he contracted that he had the experience to properly perform the duties of his position, and that he knew at least the obvious dangers attending the employment in which he was engaged.

With these modifications, the former opinion is adhered to.