Cole, Respondent, vs. The Chicago & Northwestern Railway Company, Appellant.

*November 4 — November 23, 1886.*

*Master and servant: Defects in machinery: Ignorance of servant: Pleading: Burden of proof.*

> In an action by an employee against a railroad company for personal injuries, where the plaintiff's right of action depends upon his ignorance of certain conditions,— as defects in a switch-engine and unskilfulness of the engineer,— the complaint need not aver such ignorance, but it is for the defendant to aver and prove knowledge on the part of the plaintiff.

APPEAL from the Circuit Court for *Fond du Lac* County. The case is stated in the opinion.

For the appellant the cause was submitted on the brief of *Jenkins, Winkler, Fish & Smith*, of counsel. To the point that the plaintiff should have alleged that he had no knowledge of the carelessness or unskilfulness of the engineer or of the defects in the engine, they cited *Dunmead v. A. M. Mining Co.* 4 McCrary, 245; *Buzzell v. Laconia Manuf'g Co.* 48 Me. 113; *M. R. & L. E. R. Co. v. Barber,* 5 Ohio St. 541; *G. R. & B. Co. v. Kenney,* 58 Ga. 485.

For the respondent there was a brief by *Sutherland & Sutherland,* and oral argument by *Mr. D. D. Sutherland.* They argued, *inter alia,* that plaintiff's knowledge that the engineer was careless and unskilful and the engine defective has no bearing upon defendant's liability except so far as it might tend to show that plaintiff was negligent. But the plaintiff has expressly alleged that he acted " without carelessness or negligence on his part." This is equivalent to an allegation that he had no knowledge of the carelessness of the engineer or the defects of the engine. *Behm v. Armour,* 58 Wis. 1.

LYON, J.   This appeal is from an order overruling a general demurrer to the complaint.   The action is for personal injuries alleged to have been caused by the negligence of the defendant company.

The complaint alleges, *inter alia*, that the plaintiff was in the service of the defendant, and was sent by competent authority to switch cars in the yard of the company; that in doing so it became his duty to couple a car to a locomotive engine; that the engineer employed to operate the locomotive was careless and unskilful, to defendant's knowledge; that such locomotive was so worn, broken, and decayed that it was unfit for use, which the company also well knew; and in consequence of the unskilfulness and carelessness of the engineer, who backed his locomotive when he should have moved it forward, and a specified defect in the locomotive, of which the plaintiff was ignorant, the plaintiff suffered the personal injuries of which he complains.

It seems to be conceded in the argument of counsel for the defendant that had the complaint averred the ignorance of the plaintiff of the character of the engineer and the unfitness for use of the locomotive, a cause of action would have been stated therein; but, whether it is so conceded or not, the proposition is undoubtedly a correct one.   Assuming, however, that the plaintiff's right of action depends upon his ignorance of those conditions, we think it is not incumbent on him to aver such ignorance, but rather it is for the defendant to aver and prove that he had knowledge thereof.   This is the only proposition we determine on this appeal.   We conclude that the complaint states a cause of action.

*By the Court.*— Order affirmed.

See note to this case in 30 N. W. Rep. 601.— REP.