INTERNATIONAL & GREAT NORTHERN RAILWAY COMPANY v.
JOSH HARRIS.

No. 1087.   Decided March 24, 1902.

**1.—Master and Servant—Assumed Risk—Burden of Proof—Pleading.**

The burden being upon defendant to aver and prove assumption of risk by a servant by reason of his knowledge of defects causing the injury, there was no error in refusing to submit that issue, though raised by the evidence, where such defense was not pleaded. (Pp. 349, 350.)

**2.—Same.**

Though plaintiff, the servant, had unnecessarily alleged want of knowledge of the defect on his part, a general denial did not raise the issue of assumed risk, nor relieve the master from pleading such defense. (Pp. 349, 350.)

Error to the Court of Civil Appeals for the Fourth District, in an appeal from Bexar County.

Harris sued and had recovery against the railway company, which appealed, and on affirmance obtained writ of error.

*Denman, Franklin & McGown,* for plaintiff in error.—We understand the court to invite argument in this case upon this question: "In an action for damages by a servant against his master for injuries resulting from defective machinery, is it necessary for the servant to plead and prove that prior to his injuries he did not know of the defects causing his injury; or, is the servant's knowledge of the defective machinery a defense to be pleaded and proved by the master?"

Before addressing ourselves to this question, we wish to suggest that in this case it is immaterial where the burden rests, for the plaintiff having pleaded that the defect was unknown to him, whether required to do so under the law or not, has put this fact in issue, and the issue is joined by the defendant's general denial.

It is an old and sound rule of pleading that a party need not plead a fact pleaded by his adversary. But we are not willing that the case shall be determined upon this ground alone. We will meet the question presented by the court squarely.

Whether the servant should plead his ignorance of a defective appliance causing his injury, depends upon whether or not the burden rests upon him to show his ignorance as a condition precedent to his recovery. If he must show it, he must plead his ignorance and vice versa.

Under our practice it is a settled rule that the plaintiff must plead every fact essential to his cause of action, and that a general denial on the part of the defendant puts every such fact in issue and imposes upon the plaintiff the burden of proving the fact.

We think the burden rests upon the plaintiff to show that he did not know of the particular defect causing his injury. The general rule of

law is that the servant, when he accepts employment, assumes the risks ordinarily incident to his work; and that for such risks he can maintain no cause of action against the master. In order for him to maintain an action, he must except himself from this general rule by showing that that which caused his injury was not an ordinary risk assumed by him. If he knew of the defective appliance, it became one of the risks assumed by him, hence he must plead ignorance of the defect to escape the general rule and bring his action within the terms of the contract made by the law between him and his employer.

Assumed risk grows out of the contract of employment. The law fairly presumes that a servant seeking employment in a given work has intelligence enough to understand the work he is to do and the conditions surrounding the work to be done by him. If he contracts to work with defective machinery, knowing it to be defective, the law implies an agreement on his part to assume the risks incident thereto. If the conditions existing are known to both the master and the servant, the test of duty arises from these known conditions.

The master's duty is not to increase the hazard by any subsequent negligence, but as to the conditions then existing the servant assumes the risk. The master may have been lacking in ordinary care to have used the defective appliances, but it is not actionable negligence as to the servant knowing of the defects. Bonnet v. Railway, 89 Texas, 76.

They contract upon an equal basis. The master says to the servant: I wish to employ you to do this work with these tools in their defective condition. The servant can refuse the employment, but if he accepts it, the law writes into his contract an assumption of the risks incident to using the defective appliances. He agrees to do the work, and agrees to assume the risks from the known defects, hence in order for the servant to recover damages from the defective appliances, he must bring himself within the terms of his contract and show that this particular risk, from this particular defect, he did not assume, because he had no knowledge of this defect. To maintain his action against his master for injuries the servant must plead and prove: (1) the defect in machinery; (2) the master's knowledge of the defect, actual or implied; and (3) the servant's ignorance of the defect. This has been the rule in Texas since the decision in the case of Railway v. Doyle, 49 Texas, 201. Williams v. Railway, 52 S. W. Rep., 89.

And the doctrine that he must prove the above fact was decided in the case of Railway v. Bradford, 66 Texas, 735, and Railway v. Barrager, 14 Southwestern Reporter, 242, though in these cases the question of pleading was not involved.

But, if to recover, the burden rests upon the servant to show that he was ignorant of the defects causing his injury, then it must follow that he must plead the fact. Upon the question of pleading: Wood on Mast. and Servt., p. 791; Elliott on Railroads, 2067.

The authorities cited to support this doctrine are very numerous. We find upon examination, however, that most of them assert only the

proposition that the servant to recover must prove that he was ignorant of the defect and place upon him the burden of making this proof. This rule obtains in the following States. Texas, Indiana, Kentucky, Virginia, West Virginia, Ohio, Rhode Island, Nebraska, Maine, Florida, Georgia, Maryland, New York, Vermont, Idaho, and numerous other States, and in the United States courts and England.

The insufficiency of a petition which fails to allege ignorance of the defective appliance on the part of the servant is expressly asserted, however, in the following cases arranged according to the States: Texas: Railway v. Doyle, 49 Texas, 201. Indiana: Coal Co. v. Albani, 40 N. E. Rep., 702; Railway v. Corps, 24 N. E. Rep., 1046; Stone Co. v. Wray, 42 N. E. Rep., 927; Railway v. Stupak, 8 N. E. Rep., 631; Ames v. Railway, 35 N. E. Rep., 117. And by the Federal Court in that State in Dixon v. Telegraph Co., 68 Fed. Rep., 631. Kentucky: Sullivan v. Bridge Co., 9 Bush, 81. Virginia: Railway v. Jackson, 8 S. E. Rep., 370. Rhode Island: Whalan v. Whipple, 13 Atl. Rep., 107. West Virginia: Johnson v. Railway, 14 S. E. Rep., 432. Ohio: Railway v. Norman, 32 N. E. Rep., 857; Railway v. Barber, 5 Ohio St., 541. Nebraska: Railway v. Baxter, 60 N. W. Rep., 1045. England: Griffiths v. Railway, 13 Q. B. D., 259; Williams v. Clough, 3 H. & N., 258. Maine: Buzzell v. Manufacturing Co., 48 Me., 113. Florida: Walsh v. Railway, 15 So. Rep., 689. Georgia: Preston v. Railway, 11 S. E. Rep., 143. Maryland: Wonder v. Railway, 32 Md., 411. New York: Spelman v. Iron Co., 56 Barb., 19; Sizer v. Railway, 7 Lans., 67; Haskin v. Railway, 65 Barb., 129. Vermont: Hard v. Railway, 32 Vt., 473.

*J. D. Childs,* for defendant in error.—In an action by the servant against the master, it is not necessary for the servant to allege in his petition his want of knowledge of the defect in the machinery furnished him by the master, because the burden of proof in such cases is upon the master to show that the servant knew of the defect, or in the ordinary discharge of his duty must necessarily have acquired the knowledge. And because he does not assume the risks arising from the failure of the master to do his duty, the servant is only required to show that an injury occurred to him in the course of his employment, and that the master has been guilty of negligence, in order to make out his case. Railway v. Johnson, 89 Texas, 519; Rope Co. v. Burdett, 2 Texas Civ. App., 311; Railway v. Hannig, 91 Texas, 347; Railway v. Shieder, 88 Texas, 152; Railway v. Bennett, 76 Texas, 155; Railway v. Redeker, 67 Texas, 188; Railway v. Spicker, 61 Texas, 427; Railway v. Cowser, 57 Texas, 293; Railway v. Murphy, 46 Texas, 356; Fordyce v. Culver, 22 S. W. Rep., 237; Railway v. Lehmberg, 75 Texas, 67; Railway v. McNamara, 59 Texas, 255; Railway v. Lempe, 59 Texas, 23; 1 Thomp. on Neg., sec. 368, and authorities cited, ed. 1901; 5 Enc. of Pl. and Prac., 1-14, and notes, inclusive; Hall v. Water Co., 48 Mo. App., 364; Crane v. Railway, 87 Mo., 588; Nadau v. Lumber Co., 76 Wis., 130; 43 N. W. Rep., 1135; Dorsey v. Construction Co., 42 Wis., 583; 62 Am. Dec.,

687, and note by Judge Freeman; Railway v. George, 94 Ala., 199; Magee v. Railway, 78 Cal., 430; Johnson v. Railway, 23 Ore., 94; Donahue v. Railway, 32 S. C., 299; Granite Co. v. Bailey, 92 Va., 554; Cole v. Railway, 67 Wis., 272; Coal Co. v. Wombacher, 134 Ill., 57; Mayes v. Railway, 63 Iowa, 562; Swoboda v. Ward, 40 Mich., 420; Myhan v. E. L. & P. Co., 799; Railway v. O'Brien, 161 U. S., 451; Railway v. Daniels, 152 U. S., 684; Railway v. Gladmon, 15 Wall., 401; Hough v. Railway, 100 U. S., 213.

BROWN, Associate Justice.—Josh Harris sued the International & Great Northern Railroad Company to recover damages alleged to have been received while plaintiff was in the employ of the defendant and engaged in operating coal chutes for the purpose of supplying the defendant's trains with coal. It was alleged that the coal chute which caused the injury was defective in the particulars alleged, of which fact the plaintiff was ignorant, but the defendant knew of the defect, or by the use of ordinary care would have discovered it. The allegations were full upon all points necessary to present the case, and it is unnecessary for us to state them more specifically. The defendant pleaded a general denial and that the injury was caused by the negligence of the plaintiff and his fellow-servant.

The Court of Civil Appeals found the facts to support the plaintiff's allegations, and that the plaintiff did not know of the defect, but that the railroad company did know of it. A more particular statement of the facts is not necessary to the decision of the point involved by this writ of error. There was evidence tending to prove that the plaintiff knew of the defect in the coal chute at the time he used it and received his injuries. The trial court charged the jury as follows: "If you further believe from the evidence, that on or about October 12, 1900, the plaintiff, while in the employ of the defendant, was injured as alleged in his petition, while operating or attempting to operate one of the defendant's coal chutes, and if you further believe from the evidence that said coal chute did not have a guard-board or guard-gate, and if you further believe from the evidence that the defendant was guilty of negligence in having said coal chute in the condition you find it was in, and that such negligence, if any, was the proximate cause of plaintiff's injuries, if any, then you will find for the plaintiff unless you find under the instructions hereinafter given you that the plaintiff himself was guilty of negligence that contributed to his injuries." The charge is assigned as error in the application for the writ, which was granted upon that ground. The defect complained of in the charge is that it failed to submit to the jury the issue of plaintiff's knowledge of the defect in the chute and that he assumed the risk by using it in its defective condition. Was the issue of assumed risk made by the pleadings? If not, the charge was correct, for evidence without pleading will not raise an issue. The evidence was not admissible under the general denial unless it was in rebuttal of some material allegation of the petition. The

allegation of the petition that plaintiff did not know of the defect was not necessary to a recovery and therefore did not present an issue which could be met under the general denial. Mayes v. Railway, 63 Iowa, 566. If the burden was upon the defendant to prove that plaintiff knew of the defect in order to charge him with the risk of injury, then it was required to allege the facts. In the case of Railway v. Johnson, 89 Texas, 523, the plaintiff's right of recovery depended upon the fact that the defendant had employed an incompetent conductor whose negligence caused the injury complained of. The railroad company claimed that the general reputation of the conductor among his coemployes put the plaintiff upon notice of his incompetency, and that, knowing his incompetency, a continuance in the service carried with it the assumption of the risk of injury from such cause; but this court held that the burden of proof was upon the railroad company to prove that the plaintiff knew of the incompetency of the conductor and that the reputation of the conductor for incompetency and negligence among his fellow-employes was not notice to the plaintiff, but that the defendant must show that the plaintiff had knowledge of such reputation. The issue in that case and this involves the same proposition; that is, the assumption by the servant of known danger. In this case it devolved upon the defendant to prove that plaintiff knew of the defects in the coal chute and it was therefore necessary for it to allege the facts which presented that issue; and, having failed to do so, the court did not err in omitting that issue from the charge. Mayes v. Railway, 63 Iowa, 566; Swoboda v. Ward, 40 Mich., 420; Cole v. Railway, 67 Wis., 272; Hulehan v. Railway, 68 Wis., 520; Railway v. Tracy, 66 Fed. Rep., 931.

It is unnecessary to go more extensively into the discussion of this question. Our investigation justifies the conclusion that in the States where the burden of proof rests upon the master to prove knowledge of defects on the part of the servant, the burden of pleading is likewise placed upon him. In our State the rule has been established that the burden of proof upon such an issue rests upon the railroad company, and, for the same reason, it must plead the defense in order to be entitled to prove it.

We find no error in the judgment, and it is ordered that the judgments of the District Court and Court of Civil Appeals be affirmed.

*Affirmed.*