### KURZ et al. v. SOLIZ. (No. 6575.)

(Court of Civil Appeals of Texas. San Antonio. May 26, 1921.)

**1. Evidence ⊜575—Testimony at former trial inadmissible unless witness absent or dead.**

Admission of a portion of transcript of evidence at a former trial of the cause setting out the testimony of a witness was error, where it was not shown the witness was absent from the state or was dead.

**2. Appeal and error ⊜1051 (2)—Admission of evidence harmless where uncontradicted evidence established same fact.**

Testimony of witness at a former trial placing the value of appellee's land at $60 an acre, even if error because of absence of showing that the witness was absent from the state or dead, was not injurious to appellant, where the uncontradicted evidence of another witness fixed the value at $30 an acre, and the jury found the value to be $20 an acre.

**3. Champerty and maintenance ⊜5(8)—Violation of law by attorney does not prevent suitor's recovery.**

Under Pen. Code 1911, art. 421, as to barratry, a suitor is not barred from recovery because his attorney had violated the law in obtaining the employment.

**4. Vendor and purchaser ⊜240—Innocent purchase must be pleaded.**

Innocent purchase, for proof thereof to be available, must be pleaded.

Appeal from District Court, Atascosa County; Covey C. Thomas, Judge.

Action by Marcelina Soliz against A. A. Kurz and others. From judgment for plaintiff, defendants appeal. Affirmed.

Clamp, Searcy & Clamp, of San Antonio, and Frank H. Burmeister, of Jourdanton, for appellants.

Walter E. Jones, J. R. Garnand, and R. R. Smith, all of Jourdanton, for appellee.

FLY, C. J. This is a suit instituted by appellee against A. A. Kurz and his wife, Lizzie Kurz, G. W. Kurz and H. J. Ulbrich, for the purpose of annulling and setting aside a certain deed of conveyance to 100.1 acres of land in Atascosa county, being survey No. 79½ on the waters of Palo Alto creek, northwest of Pleasanton, which deed it was alleged was secured from appellee through the fraudulent representations of A. A. Kurz and G. W. Kurz, as to $300 being due as taxes on the land, for which it would be sold. It was also alleged that a portion of the land had been sold by the Kurz to H. J. Ulbrich, who was an innocent purchaser. The prayer was that appellee have judgment against A. A. Kurz, Lizzie Kurz, and G. W. Kurz "for the value of the land, and the interest, less $700 paid to plaintiff and $37.86 taxes paid by defendants Kurz in land so sold to said Ulbrich; that the deed which she executed by reason of the fraudulent acts of defendants A. A. Kurz and G. W. Kurz be canceled in so far as the land not sold to said H. J. Ulbrich is concerned; that the title to all the land except the 51.64 acres of land sold to said H. J. Ulbrich be divested out of the defendants A. A. Kurz, G. W. Kurz, and Lizzie Kurz and vested in plaintiff, and that the said entire tract of land be partitioned among and between plaintiff and defendant H. J. Ulbrich; that a writ of partition issue; that she be placed in possession of that portion of said land that may be set aside to her in the partition thereof; for all costs of suit; and for such other and further relief, general and special, in law and in equity, to which she may be entitled." The cause was submitted to a jury on four special issues, to which they answered that execution of the deed was procured from appellee by representations upon the part of A. A. Kurz that there were due on the land of appellee delinquent taxes in the sum of $300, for which the land was about to be sold, and that the land at the time the deed was executed had a reasonable market value of $20 an acre. Upon that verdict judgment was rendered that appellee recover the 100.1 acres of land from appellants, except the 51.64 acres of land sold to H. J. Ulbrich, that appellee recover of A. A. Kurz and G. W. Kurz $1,037.80, the value of the 51.64 acres, less $737.86, the amount paid out by Kurz on the land, and that they be divested of all right, title, and interest in the land, and that H. J. Ulbrich be dismissed from the cause with his costs.

That the evidence was sufficient to show that the deed to the land was procured through the fraudulent representations of A. A. Kurz as to delinquent taxes and the imminence of a sale of the land for the taxes is not questioned by the three assignments, and we conclude that the findings of the jury are amply supported by the facts.

[1, 2] The first assignment of error complains of the introduction in evidence "of that portion of the transcript of the evidence taken at a former trial of said cause, wherein is set out the testimony of H. E. Dixon, a witness for the plaintiff." The testimony should not have been admitted in the absence of proof that the witness was absent from the state or was dead. Under the ruling in Boyd v. Railway Co., 101 Tex. 411, 108 S. W. 813, we feel inclined to hold that the evidence was sufficient to show that the witness was absent from the state, and that his testimony, which was as to the market value of the land, was admissible, but, if

⊜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the evidence was not admissible, appellants could not have been injured by it, for it was proved by the uncontradicted evidence of L. Morgan Williams that at the time appellee executed the deed to appellants, during the spring of 1919, the land had a reasonable market value of $30 an acre. The witness Dixon placed its value at $60 an acre. Williams was the county clerk of Atascosa county, and the jury seems to have been guided more by his testimony in finding the land was worth $20 an acre. Appellants do not assail the evidence of Williams, and failed to contradict it in any manner.

[3] The answer of appellants presents no affirmative defense to appellee's claim, except that appellee understood the consideration for her land, and that she received full value for the land, and yet through the second assignment of error it is sought to present in this court the defense that the undisputed evidence shows that the suit "is a manufactured lawsuit." The assignment is:

"Because the undisputed evidence discloses that this suit was not instituted by the plaintiff, Marcelina Soliz, but was caused to be brought by one Roger Watson, acting in conjunction with one Erenie Rodriguez, and is a manufactured lawsuit."

That language it is said will be treated as a proposition, although what is proposed does not appear from it. It is not attempted to be indicated what should be done, "because the undisputed evidence discloses" the matters and things set forth therein, and nowhere in the brief does it appear what should happen, "because the undisputed evidence discloses" the things alleged. Suppose Roger Watson did cause appellee to institute the suit, and acted in conjunction "with one Erenie Rodriguez"; how should that fact cause a reversal of the judgment herein? And how does the fact that the two individuals acted in conjunction in causing the suit to be brought make it "a manufactured lawsuit"? Evidently the jury and trial judge differed with the opinion of appellants that it was "a manufactured suit" after a full investigation of all the testimony offered by the parties. It might be surmised that appellants were endeavoring to invoke the penalty of a violation of the law of barratry as defined in article 421 of the Penal Code of Texas, because that article is cited. That article could not affect the right of appellee to recover, and appellants made no claim that the suit was not brought in good faith, unless the assignment herein copied can be manipulated into such claim. The evidence does not sustain any such claim. However criminal Watson may have been, appellee and her grandson, Erenie Rodriguez, were not shown to have violated any law in connection with the suit. The case

of Ford v. Munroe, 144 S. W. 349, does not support any claim that appellee had "manufactured" a case. That was a case in which an attorney had contracted with one not an attorney to give the latter a part of a fee to be obtained from a third person who was induced by the layman to employ the attorney. It does not hold that the third person could not recover because his attorney had violated the law in obtaining the employment.

[4] The evidence showed that A. A. Kurz was the agent of G. W. Kurz in purchasing the land from appellee, but, if he was not such agent, appellants, not having alleged or proved that G. W. Kurz was an innocent purchaser for value without notice, have nothing upon which to base a claim in this court that he was an innocent purchaser. Even though the proof should show that G. W. Kurz was an innocent purchaser, it would profit him nothing, because he did not plead that he was an innocent purchaser. Freeman v. McAninch, 87 Tex. 132, 27 S. W. 97, 47 Am. St. Rep. 79: Railway v. Harris, 95 Tex. 346, 67 S. W. 315.

The judgment is affirmed.